IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION


ADAM CHASTEEN,

        Plaintiff,

   vs.                                Civil Action 2:12-cv-229
                                               Judge Marbley
                                               Magistrate Judge King

ROD JOHNSON, *et al.*,

        Defendants.


## REPORT and RECOMMENDATION

      Plaintiff, a state inmate currently incarcerated in the Madison Correctional Institution ["MaCI"], has filed another motion for interim injunctive relief. *Plaintiff's Motion for a Temporary Restraining Order and a Preliminary Injunction*, Doc. No. 28. For the reasons that follow, it is **RECOMMENDED** that the motion be denied.

      Interim injunctive relief is an extraordinary remedy that should be granted only after the Court has carefully considered the following four factors:

> (1) whether the movant has established a "strong" likelihood of success on the merits; (2) whether the movant would otherwise suffer irreparable injury; (3) whether issuance of a preliminary injunction would cause substantial harm to others; and (4) whether the public interest would be served by issuance of a preliminary injunction.

*Leary v. Daeschner*, 228 F.3d 729, 736 (6th Cir. 2000) (citing *McPherson v. Michigan High Sch. Athletic Ass'n*, 119 F.3d 453, 459 (6th Cir. 1997) (*en banc*), quoting *Sandison v. Michigan High Sch. Athletic Ass'n*, 64 F.3d 1026, 1030 (6th Cir. 1995)). When considering these factors, a district court should balance each factor against the others to arrive at its ultimate determination. *Id.* These factors are not prerequisites to

injunctive relief; rather, they are factors that the Court must balance. *In re Delorean Motor Co.*, 755 F.2d at 1229; *Michigan Bell Tel. Co. v. Engler*, 257 F.3d 587, 592 (6th Cir. 2001) (no single factor is determinative.); *Monongahela Power Co. v. Schriber*, 322 F. Supp.2d 902, 918 (S.D. Ohio 2004)(same). However, a preliminary injunction should not issue where there is simply no likelihood of success on the merits. *Michigan State AFL-CIO v. Miller,* 103 F.3d 1240, 1249 (6th Cir. 1997).

In his current motion, plaintiff complains that officials at MaCI have interfered with his constitutional right of access to the courts. Specifically, plaintiff alleges that a program on the computer terminals in the MaCI law library, *i.e.,* "snap shot," "allows staff to covertly read and monitor what inmates type and research on the computer terminals," *Plaintiff's Declaration in Support of Plaintiff's Second Motion for a TRO*, ¶ 2, attached to Doc. No. 28; that the MaCI law library has not been open for as many hours per week as state policy, *i.e.,* DRC Policy 59-LEG-01, requires; that law library computer terminals have recently been restricted to "research only," Doc. No. 28, p. 5, and inmates are no longer permitted to use those terminals to type legal documents and that plaintiff has experienced consequent increased delays in accessing prison typewriters to prepare his legal documents; and that plaintiff believes that these new policies were enacted in retaliation for his efforts to pursue litigation.

The First Amendment to the United States Constitution guarantees to inmates a right of access to the courts. *Lewis v. Casey,* 518 U.S. 343 (1996); *Bounds v. Smith,* 430 U.S. 817 (1977); *Pilgrim v. Littlefield,* 92 F.3d 413, 416 (6th Cir.1996). Although the Constitution assures "adequate, effective, and meaningful" access, *Bounds*, 430 U.S.

2

at 822, the right is nevertheless not unlimited. For example, restrictions on the time, place and manner in which inmates may engage in legal research and draft legal documents are permissible so long as the restrictions do not unreasonably impede the right of access to the courts. *Walker v. Mintzes*, 771 F.2d 920, 932 (6th Cir. 1985). Moreover, inmates have no independent constitutional right of access to computers, *see White-Bey v. Griggs*, 43 F.App'x 792 (6th Cir. 2002); *Lehn v. Hartwig*, 13 F.App'x 389, 392 (7th Cir. 2001), nor do they have a First Amendment right of access to typewriters, *Mulazim v. Bailey,* 107 F.3d 12 (Table), 1997 WL 48988, *1 (6th Cir. February 4, 1997). Plaintiff does not allege that he has been precluded from pursuing his litigation; rather, plaintiff alleges only that he has been inconvenienced in doing so. Furthermore, absent an allegation that an inmate has suffered actual prejudice in constitutionally protected litigation, the fact that a prison law library is not open for as long as state policy allegedly requires is immaterial to the constitutional analysis. *See Lewis,* 518 U.S. at 351; *Walker*, 771 F.2d at 932

Plaintiff also alleges, curiously, that he has "observed" the "covert[]" monitoring of his activity on the computer terminals through the use of "snap shot" software. Even assuming the accuracy of plaintiff's suspicions in this regard, because MaCI inmates, including plaintiff, will no longer be using prison computer terminals to draft legal documents, injunctive relief will not be necessary to assure that prison officials do not monitor the substance of plaintiff's legal writings.

Finally, plaintiff alleges that he has "been informed that [he] personally had something to do with the reason why Defendants

instituted the restriction on the computer terminals in the law library;
. . ." *Plaintiff's Declaration in Support of Plaintiff's Second Motion for a TRO*, ¶ 17. A plaintiff asserting a claim of retaliation must show that he engaged in protected conduct, that an adverse action was taken against him that would deter a person of ordinary firmness from continuing to engage in that conduct, and that the adverse action was motivated at least in part by the protected conduct. *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (*en banc*). Plaintiff's vague and ambiguous allegations are, in the view of this Court, insufficient to warrant the extraordinary remedy of interim injunctive relief. Even crediting plaintiff's assertion, which appears to be based on hearsay, plaintiff offers no reason why this Court should assume that a restriction on the use of the limited number of computer terminals was based on the substantive nature of plaintiff's litigation activities – as opposed to the amount of time that plaintiff spent on those limited resources.

In short, the Court concludes that plaintiff has failed to establish a strong likelihood of success on the merits of a claim that he has been denied his constitutional right of access to the courts. The Court also concludes that plaintiff has failed to establish that he would suffer irreparable injury should the requested injunction not issue. It is therefore **RECOMMENDED** that *Plaintiff's Motion for a Temporary Restraining Order and a Preliminary Injunction*, Doc. No. 28, be **DENIED**.


If any party seeks review by the District Judge of this *Report and Recommendation*, that party may, within fourteen (14) days, file and serve on all parties objections to the *Report and Recommendation*,

specifically designating this *Report and Recommendation*, and the part thereof in question, as well as the basis for objection thereto. 28 U.S.C. §636(b)(1); F.R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy thereof. F.R. Civ. P. 72(b).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to *de novo* review by the District Judge and of the right to appeal the decision of the District Court adopting the *Report and Recommendation*. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Smith v. Detroit Federation of Teachers, Local 231 etc.*, 829 F.2d 1370 (6th Cir. 1987); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).


                                    s/Norah McCann King
                                   Norah M^cCann King
                              United States Magistrate Judge

DATE: July 9, 2012