IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**ADAM CHASTEEN,**

    **Plaintiff,**

  **vs.**                                              **Civil Action 2:12-cv-229**
                                                        **Judge Marbley**
                                                        **Magistrate Judge King**

**ROD JOHNSON,** *et al.***,**

    **Defendants.**

## OPINION AND ORDER

On March 26, 2012, the United States Magistrate Judge performed an initial review of the *Complaint* and recommended that certain claims and defendants be dismissed. *Report and Recommendation*, Doc. No. 9. This matter is now before the Court on plaintiff's objections to that recommendation. *Objection*, Doc. No. 17.

Plaintiff first objects to the dismissal of any claim or defendant at this early stage of the proceedings. However, federal law requires that, under the circumstances presented in this action, the Court conduct an initial screen of the complaint and *sua sponte* dismiss any claim that "fails to state a claim on which relief may be granted . . . ." 28 U.S.C. § 1915(e)(2)(B)(ii). *See also* 28 U.S.C. § 1915A(b)(1). The Magistrate Judge did not err in conducting that initial screen and recommending dismissal of certain claims and defendants.

The Magistrate Judge recommended that plaintiff's state law claims, asserted against state officials and employees, be dismissed. *Report and Recommendation,* p. 2. Plaintiff objects to that recommendation, arguing that the Court may exercise supplemental jurisdiction over any state law claims and that defendants are not entitled to qualified immunity as to

those claims. The Court notes that, first, the Magistrate Judge did not base her recommendation on the notion of qualified immunity. Moreover, Ohio law makes clear that there is no cause of action against a state employee unless and until the Ohio Court of Claims has considered the issue of immunity under state law. *See* O.R.C. §9.86. *Haynes v. Marshall*, 887 F.2d 700, 704 (6th Cir. 1989); *Grooms v. Marshall*, 142 F.Supp. 2d 927, 932 (S.D. Ohio 2001). The Magistrate Judge did not err in this recommendation.

The Magistrate Judge next recommended that plaintiff's claims against certain defendants, and based solely on their supervisory capacities, be dismissed. *Report and Recommendation*, pp. 2-3. As the Magistrate Judge noted, liability on the part of a supervisor must be based on "active unconstitutional behavior." *Combs v. Wilkinson*, 315 F.3f 548, 554 (6th Cir. 2002), citing *Bass v. Robinson*, 167 F.3d 1041, 1048 (6th Cir. 1999). Plaintiff objects that the allegations of the *Complaint* meet that standard. In particular, plaintiff argues that the supervisors' independent culpability is evidenced by their subordinates' misconduct and by the supervisors' alleged failure to investigate that misconduct. *Objection*, p. 6. This Court disagrees. Plaintiff has not alleged that the defendant supervisors "at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct of the offending officers.'" *Combs*, quoting *Hays v. Jefferson County*, 668 F.2d 869, 874 (6th Cir. 1982). Plaintiff also argues that, because he intends to pursue injunctive relief,[1] the claims against all supervisory

---

[1] Plaintiff refers to the request in the *Complaint* that the Court enjoin defendants and their agents from "further violating the rights, privileges and immunities guaranteed to the Plaintiff under the Constitution of the United States of America, including retaliation for his filing of this action." *Complaint*, p. 29(B)(3).

defendants named in their official capacities may not be dismissed. A claim against a state employee named in his or her official capacity is, in actuality, a claim against the State. *Kentucky v. Graham*, 473 U.S. 159, 165 (1985). However, a state is responsible under 42 U.S.C. § 1983 only when the "execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury . . . ." *Monell v. Dept of Soc. Servs.*, 436 U.S. 658, 694 (1978). The *Complaint* contains no suggestion of a custom or policy of the State of Ohio or of any of the individual supervisory defendants that may have resulted in the claimed deprivation of plaintiff's constitutional rights. In short, this Court agrees that plaintiff's claims based only on the supervisory capacity of certain defendants must be dismissed.

The Magistrate Judge also recommended the dismissal of claims based on alleged inadequacies of the proceedings relating to plaintiff's grievances, including allegedly insufficient investigation of plaintiff's complaints. *Report and Recommendation*, pp. 3-4. Plaintiff objects to that recommendation, arguing that "[i]t is too early for the Court to make this determination . . . ." *Objection*, p. 8. Again, the Court disagrees. The Constitution of the United States does not guarantee an effective prison grievance process. *See, e.g., Walker v. Michigan Dept. of Corrections*, 126 Fed. Appx. 441, 2005 WL 742743, **3 (6th Cir. April 1, 2005). The fact that plaintiff believes that "[a]n adequate, *un*biased investigation of [his] grievance concerning the excessive use of force by Defendants Marcus and Officer John Doe would've uncovered the exculpatory [sic] evidence of the vicious, unprovoked assault against Plaintiff," *id*. at 8 (emphasis in original), does not state a separate

3

constitutional claim, nor would such facts, even if proven, render the officials charged with resolving plaintiff's grievances liable for such claimed "assault." Plaintiff's objection in this regard is without merit.

The Magistrate Judge recommended that claims based on a cell assignment with which plaintiff disagreed be dismissed. *Report and Recommendation*, pp. 4-5. In his objections, plaintiff does not disagree with the Magistrate Judge's reasoning that inmates have no constitutionally protected liberty interest in a particular cell assignment. *Objection,* p. 9. The Magistrate Judge also recommended the dismissal of plaintiff's claim of retaliation in this regard, based on plaintiff's allegation that defendant Gilliam retaliated against him in refusing to reverse the cell assignment "out of her dislike of Plaintiff." *Report and Recommendation*, p. 5 (quoting *Complaint*, ¶ 122). Plaintiff objects to this recommendation, apparently arguing that – taken as a whole – the *Complaint* contains sufficient allegations of unlawful retaliation on the part of defendant Gilliam. In an excess of caution, this Court agrees and will permit the claim of retaliation on the part of defendant Gilliam in connection with her alleged refusal to reverse plaintiff's cell assignment to proceed. The Court rejects, for the reasons stated *supra*, plaintiff's claim against defendant McConnell, Gilliam's supervisor, merely because of his supervisory capacity. The Court likewise rejects plaintiff's contention that the cell assignment was unconstitutional because it posed a risk to his safety. Plaintiff alleges only that he was falsely accused of a rule infraction that should rightfully have been charged against his cell mate; that allegation does not, in the estimation of this Court, amount to risk to plaintiff's

4

safety.

The Magistrate Judge recommended the dismissal of plaintiff's claims of denial of due process in connection with his conviction by the prison rules infraction board and consequent assignment to segregation. In particular, the Magistrate Judge reasoned that placement in segregation does not impose an atypical and significant hardship in relation to the ordinary incidents of prison life, *see Sandin v. Conner*, 515 U.S. 472 (1995), and that plaintiff therefore was vested with no due process rights in connection with those disciplinary proceedings. *Report and Recommendation*, pp. 5-6. Plaintiff disagrees with that conclusion, arguing that the "conditions for Plaintiff during his confinement in segregation may have been atypical as well," considering that inmates in the general population "would've had better access to treatment and care," and considering that "many other" inmates – unlike plaintiff – were released from segregation early. *Objection*, p. 11. In the view of this Court, plaintiff simply has not alleged conditions that amount to the atypical and significant hardship in relation to the ordinary incidents of prison life that would give rise to a constitutionally protected liberty interest. Plaintiff also objects that his assignment to segregation impacted his educational programming and the possibility of his early release from prison. *Id.* However, plaintiff had no constitutionally protected liberty interest in an educational program or early release. *See Bradley v. Evans*, 229 f. 3d 1150 (Table), 2000 WL 1277229, *8 (6th Cir. Aug. 23, 2000). Under these circumstances, this Court agrees that plaintiff has failed to state a claim for relief in connection with the disciplinary proceedings against him.

In short, plaintiff's *Objection*, Doc. No. 17, is **DENIED** in part and

5

**GRANTED** in part. The *Report and Recommendation*, Doc. No. 9, is **ADOPTED AND AFFIRMED in part**. Specifically, plaintiff's claims under state law, the claims against defendants Johnson, Mohr and Stanforth, the claims based on the dispositions of plaintiff's grievances, the claims against defendant McConnell based on plaintiff's cell assignments and the claims of denial of due process in connection with plaintiff's rules infractions conviction are **DISMISSED**. The retaliation claim against defendant Gilliam arising out of plaintiff's cell assignment may proceed, as may plaintiff's claims of excessive force, denial of medical care and other claims of retaliation.

        s/Algenon L. Marbley
          Algenon L. Marbley
     United States District Judge