IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**ADAM CHASTEEN,**

      **Plaintiff,**

  **vs.**                                              **Civil Action 2:12-cv-229**
                                                              **Judge Marbley**
                                                               **Magistrate Judge King**

**ROD JOHNSON,** *et al.***,**

      **Defendants.**

### ORDER

On March 26, 2012, the United States Magistrate Judge recommended that plaintiff's motion for a temporary restraining order and preliminary injunction, Doc. No. 2, be denied. *Order and Report and Recommendation,* Doc. No. 10. This matter is now before the Court on plaintiff's objections to that recommendation. *Objection,* Doc. No. 18. Having considered the matter *de novo, see* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b), the Court **AFFIRMS** that recommendation.[1]

Plaintiff's motion asks that defendants be required to produce evidence, that plaintiff be protected from further retaliation during the pendency of the proceedings and that plaintiff be "immediate[ly] release[d] to Transitional Control . . . ." Doc. No. 2, p. 2. The Magistrate Judge recommended that the motion be denied, reasoning that plaintiff had not shown a strong likelihood of success on the merits:

> Although certain of plaintiff's claims will proceed in this action, the Court cannot conclude that plaintiff has satisfied the first prong of the

---

[1] The Magistrate Judge also denied plaintiff's request for the appointment of counsel to assist him in his pursuit of interim injunctive relief. Because the Court agrees with the recommended disposition of the motion for interim injunctive relief, the Court also agrees with the denial of plaintiff's motion for a limited appointment of counsel.

> standard for interim injunctive relief.  Although
> plaintiff insists that he was subjected to
> excessive force, the *Complaint* acknowledges that
> there was testimony before the Rules Infractions
> Board that contradicted plaintiff's version [of
> the] events.[2]  Although the course of proceedings
> in this action may ultimately prove plaintiff's
> version correct, it cannot be said that, at this
> juncture, plaintiff has established a strong
> likelihood of success on the merits of this claim.
>     Plaintiff also alleges that he has been
> denied medical care.  However, some of the
> dispositions of grievances attached to plaintiff's
> *Complaint* refer to medical treatment provided to
> plaintiff.  Again, although plaintiff may yet
> prevail on these claims, the Court concludes that
> plaintiff has not at this point made the strong
> case required for the extraordinary remedy of
> interim injunctive relief.
>     Although plaintiff's claims of retaliation
> will proceed, the Court likewise concludes that the
> allegations supporting those claims do not justify
> the extraordinary remedy of interim injunctive
> relief.  The *Complaint* offers little by way of
> specific allegations of retaliation.  Moreover,
> although plaintiff insists that he was falsely
> charged with and convicted of a prison rules
> infraction, the fact remains that he stands
> convicted of violating prison rules.

*Order and Report and Recommendation*, pp. 2-3.

Plaintiff objects, first, to the fact that the Magistrate Judge considered only one factor of the standard governing the issuance of interim injunctive relief.  However, the United States Court of Appeals for the Sixth Circuit has expressly held that where, as here, the movant has not established a strong likelihood of success on the merits, the remaining factors of the analysis need not be expressly considered. *Michigan State AFL-CIO v. Miller,* 103 F.3d 1240, 1249 (6th Cir. 1997).  Although plaintiff disagrees with the reasoning of the Magistrate Judge, and argues the merits of his claims, this Court agrees that, at this

---

[2] Plaintiff characterizes such testimony as false.

juncture, plaintiff has not established a strong likelihood of success on the merits. In any event, even considering the remaining factors governing the analysis, *Leary v. Daeschner*, 228 F.3d 729, 736 (6th Cir. 2000), the Court concludes that the extraordinary remedy of interim injunctive relief is not appropriate on this record. In particular, the Court concludes that the public interest would not be served by the issuance of injunctive relief that intrudes to an unwarranted extent into the operation of a prison. Moreover, a request for an inmate's immediate release, such as that made by plaintiff, is ordinarily inappropriate in an action challenging conditions of confinement under 42 U.S.C. §1983. *See Preiser v. Rodriguez*, 411 U.S. 475 (1973)(a prisoner who seeks immediate release must pursue a writ of habeas corpus).

Having reviewed the record, the Court concludes that plaintiff's *Objection*, Doc. No. 18, is without merit. The *Report and Recommendation*, Doc. No. 10, is **ADOPTED AND AFFIRMED**. Plaintiff's motion for interim injunctive relief, Doc. No. 2, is **DENIED**. With the denial of plaintiff's motion for interim injunctive relief, it follows that plaintiff's motion for the appointment of counsel to assist him in connection with that motion is likewise without merit. The Magistrate Judge's order to that effect was neither clearly erroneous nor contrary to law. *See* 28 U.S.C. § 636(b).

                                          s/Algenon L. Marbley
                                               Algenon L. Marbley
                                       United States District Judge

Dated: July 10, 2012