```
              IN THE UNITED STATES DISTRICT COURT
               FOR THE SOUTHERN DISTRICT OF OHIO
                        EASTERN DIVISION
```

ADAM CHASTEEN,

    Plaintiff,                            Case No. 2:12-cv-229
                                          Judge Marbley
      v.                                Magistrate Judge King

ROD JOHNSON, *et al.*,

    Defendants.

## ORDER

On December 21, 29012, the United States Magistrate Judge recommended that the motions to dismiss filed on behalf of defendants Nurse Hoffman, Nurse Landon, Nurse John Doe and the otherwise unidentified 2d and 3rd shift captains, Doc. Nos. 76, 79, be granted for failure to effect service of process in a timely fashion. *Report and Recommendation*, Doc. No. 82. This matter is now before the Court on plaintiff's objections to that recommendation. *Objection*, Doc. No. 84. The Court will consider the matter *de novo*. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b).

This case was filed on March 15, 2012. Plaintiff, who is no longer incarcerated, has been granted a number of extensions of time in which to effect service of process on the defendants. Service was due on November 21, 2012. *Order*, Doc. No. 59. The motions to dismiss for failure to effect service of process, Doc. Nos. 76, 79, were filed on December 11, 2012 and December 13, 2012, respectively. The Magistrate Judge recommended that the motions be granted and that plaintiff's request for yet another extension of time to effect

1

service of process on the remaining defendants be denied, reasoning that to do so "would result in continued delay of the proceedings and in undue prejudice to the current parties as well as to parties not yet served with process – and indeed to the Court and the community at large, whose interest in the speedy and expeditious administration of justice has already been compromised by plaintiff's delays in effective service of process." *Report and Recommendation*, Doc. No. 82, p. 2.

In his objections, plaintiff contends that service of process on defendants Hoffman and Landon was effective. Although the docket initially reflected service of process on these defendants, Doc. Nos. 67, 69, process was thereafter returned to the Court with the notation that service of process had been accepted – not by the defendants themselves – but erroneously by staff at the Madison Correctional Institution. *See* Doc. No. 75 ("There is no nurse John Doe at Madison Correctional Institution. . . ;" "There is no nurse Landon at Madison Correctional institution . . . ;" "There is no nurse Hoffman at Madison Correctional Institution . . ."). Nowhere in the record does it appear that these defendants were served with process in accordance with Fed. R. Civ. P. 4. Plaintiff's objection in this regard is therefore without merit.

Plaintiff also asks, once again, for an extension of time in which to effect service of process on the unnamed defendants. This Court agrees with the Magistrate Judge that plaintiff has been accorded considerable accommodation and flexibility in the matter of service of process. The action has now been pending for more than

nine (9) months.  The Court is unwilling to grant plaintiff yet another extension of time in which to effect service of process on any defendants who have not yet been served with process.

Plaintiff's objections to the *Report and Recommendation* are **DENIED**.  The Report and Recommendation, Doc. No. 82, is **ADOPTED AND AFFIRMED.**  The motions to dismiss filed on behalf of defendants Nurse Hoffman, Nurse Landon, Nurse John Doe and the otherwise unidentified 2d and 3rd shift captains, Doc. Nos. 76, 79, are **GRANTED**.


                                                  s/Algenon L. Marble
                                                    Algenon L. Marbley
                                      United States District Judge