IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

ADAM CHASTEEN,

    Plaintiff,                                  Case No. 2:12-cv-229

        v.                                  Judge Marbley

ROD JOHNSON, *et al.*,              Magistrate Judge King

    Defendants.

## ORDER AND
## REPORT AND RECOMMENDATION

Plaintiff's motion, Doc. No. 98, for an extension of time to respond to the motion to dismiss filed on behalf of defendants Davenport, Haskins, Rodgers, Root and Shoemaker, Doc. No. 91, is **GRANTED**.  Plaintiff may have until February 22, 2013 to respond to that motion.

Plaintiff has also moved for exemption from payment of electronic public access fees. *Plaintiff's Motion to Permit Exemption of PACER Case Access Fees,* Doc. No. 99.  Plaintiff, a former state inmate who was granted leave to proceed in this case without prepayment of fees or costs, *see Order*, Doc. No. 4, represents "that his current Pacer.gov access fees for the current quarter exceed $40 and that [he] will be unable to cover these fees or continue to access case information online during the litigation . . . ."  *Id*., at 1.  He contends that the requested exemption "is necessary in order to avoid unreasonable burdens involving the fees associated with access to case documents filed in this case. . . ." *Id.*

The Electronic Public Access Fee Schedule, (reprinted with 28 U.S.C. § 1914) promulgated by the Judicial Conference of the United States, establishes certain fees intended to "reimburse expenses incurred by the judiciary in providing electronic public access to court

1

records."[1]  However, counsel and *pro se* litigants are entitled to "one free electronic copy of all documents filed electronically . . . ."  *Id.*  A court may exempt certain person or entities, including "indigents," from payment of these fees "upon a showing of cause."  In this regard, a court "must find that [the party seeking the exemption has] demonstrated that an exemption is necessary in order to avoid unreasonable burdens and to promote public access to information."  The Judicial Conference Policy Notes caution that "[e]xemptions should be granted as the exception, not the rule."  Moreover, electronic data may be "viewed free at public terminals at the courthouse . . . ."

In his motion, plaintiff states in conclusory fashion that the exemption requested by him is necessary to avoid unreasonable burden on him, but he does not explain why the electronic copies of every document filed in this case, and which have presumably been made available to him free of charge, are insufficient to permit him to vigorously pursue his claims.  Similarly, plaintiff, who is no longer incarcerated, does not explain why he cannot reasonably be expected to view documents, free of charge, at any of the three seats of this Court.  Finally, it is unclear which particular documents plaintiff seeks.  Under these circumstances, the Court concludes that plaintiff has not established that he is entitled to an exemption from payment of PACER fees.  *See Zied-Campbell v. Richman*, 317 Fed. Appx. 247 (3rd Cir. Mar. 25, 2009);  *Jaax v. Jayhawk Marina, Inc.*, 2009 WL 1226742, *1 (D.Kan. April 30, 2009).

It is therefore recommended that plaintiff's motion for a waiver of PACER fees be denied without prejudice to renewal upon a showing of good cause.

**WHEREUPON**, plaintiff's motion for an extension of time, Doc. No. 98, is **GRANTED**.  Plaintiff may have until February 22, 2013 to respond to Doc. No. 91.

---

[1] The usual fee is "ten cents per page, with the total for any document, docket sheet, or case-specific report not to exceed the fee for thirty pages . . . ."

It is **RECOMMENDED** that *Plaintiff's Motion to Permit Exemption of PACER Case Access Fees,* Doc. No. 99, be denied, without prejudice to renewal upon a showing of good cause.

If any party seeks review by the District Judge of this *Report and Recommendation*, that party may, within fourteen (14) days, file and serve on all parties objections to the *Report and Recommendation*, specifically designating this *Report and Recommendation*, and the part thereof in question, as well as the basis for objection thereto.  28 U.S.C. §636(b)(1); Fed. R. Civ. P. 72(b).  Response to objections must be filed within fourteen (14) days after being served with a copy thereof.  Fed. R. Civ. P. 72(b).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to *de novo* review by the District Judge and of the right to appeal the decision of the District Court adopting the *Report and Recommendation.  See Thomas v. Arn*, 474 U.S. 140 (1985); *Smith v. Detroit Fed'n of Teachers, Local 231 etc.*, 829 F.2d 1370 (6th Cir. 1987); *United States v. Walters*,  638 F.2d 947 (6th Cir. 1981).

    *s/ Norah McCann King*
Norah McCann King
United States Magistrate Judge

DATE: January 23, 2013

3