IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

ADAM CHASTEEN,

    Plaintiff,                                 Case No. 2:12-cv-229
                                                 Judge Marbley
    v.                                            Magistrate Judge King

ROD JOHNSON, *et al.*,

    Defendants.

## REPORT AND RECOMMENDATION

Plaintiff has filed a motion to voluntarily dismiss the action without prejudice pursuant to Fed. R. Civ. P. 41(a). Doc. No. 106. Defendants oppose the motion. Doc. No. 109. Although the Court provided plaintiff the opportunity to reply in support of the motion, Doc. No. 100, there has been no reply.

Plaintiff, a former state prisoner proceeding without the assistance of counsel, asks leave to dismiss the action without prejudice "so that he may vigorously continue to attempt to retain counsel who can adequately plead the facts of this case, name and serve the proper defendants, and who has the means to diligently pursue relief for damages incurred in this case." Doc. No. 106, p. 3. He also contends that dismissal of the action should not be predicated on any financial condition because of his indigent status. *Id*. at 5.

Once an answer or motion for summary judgment has been filed, a plaintiff may voluntarily dismiss an action only upon stipulation or "by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). A court is vested with broad discretion in

considering a motion to voluntarily dismiss and may fashion a remedy so as to avoid prejudice to other parties. *Grover by Grover v. Eli Lilly & Co.*, 33 F.3d 716, 718 (6th Cir. 1994). The primary purpose of the required prior court approval is to protect a party from unfair prejudice. *Summerville v. Ross/Abbott Laboratories*, 187 F.3d 638 (table), 1999 U.S. App. LEXIS 21009, 1999 WL 623786, at *17 (6th Cir. 1999). The decision to permit a voluntary dismissal is improper only where a defendant would suffer "plain legal prejudice" as a result of the dismissal without prejudice. *Grover*, 33 F.3d at 718.

However, such prejudice does not result from the mere prospect of a second lawsuit. *Id*. In *Grover*, the United States Court of Appeals for the Sixth Circuit identified four factors relevant to the determination whether plain legal prejudice will result from the voluntary dismissal: (1) the amount of time, effort and expense the defendant has incurred in trial preparation; (2) any excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action; (3) insufficient explanation for the need to dismiss; and (4) whether a defendant has filed a motion for summary judgment. *Id*.

Defendants contend that the grant of plaintiff's motion will work to their prejudice. Defendants specifically refer to the pending motions to dismiss as well as other filings made on behalf of defendants. Defendants also complain that plaintiff has not been diligent in prosecuting the action, particularly as it relates to the issue of service of process, and has not adequately explained his request to voluntarily dismiss the action. Should the motion be

granted, defendants ask that the grant be delayed until after resolution of the pending motions to dismiss or, at a minimum, should be conditioned on the payment of defendants' fees and costs. Finally, defendants ask that any dismissal be with prejudice. Doc. No. 109.

The Court concludes that defendants will not be so prejudiced by the voluntary dismissal of the action as to warrant denial of plaintiff's motion.  Plaintiff's interest in securing the assistance of counsel in any future prosecution of the action is, in the view of this Court, a substantial justification for the requested dismissal without prejudice.  Moreover, any delay on the part of plaintiff in prosecuting the action, particularly as it relates to service of process or the failure to respond to the pending motions to dismiss, will not be aggravated by the grant of plaintiff's motion;  any defenses available to defendants at this juncture will remain available to them in any re-filed action.  Finally, the expense and inconvenience associated with any future re-filing of the action is adequately addressed by Rule 41(d) of the Federal Rules of Civil Procedure.[1]

It is therefore **RECOMMENDED** that plaintiff's motion to voluntarily dismiss the action, Doc. No. 106, be **GRANTED** on the condition that, should plaintiff re-file the action, he be required to reimburse defendants for the expenses incurred by defendants in connection with the dismissal and re-filing of the action.

---

[1] "If a plaintiff who previously dismissed an action in any court files an action based on or including the same claim against the same defendant, the court: (1) may order the plaintiff to pay all or part of the costs of that previous action; and (2) may stay the proceedings until the plaintiff has complied."

A preliminary pretrial conference is currently scheduled for April 3, 2013.  In light of the recommendation that plaintiff's motion to voluntarily dismiss the action be granted, that conference is **VACATED** but will be rescheduled should plaintiff's motion to voluntarily dismiss the action be denied.

If any party seeks review by the District Judge of this *Report and Recommendation*, that party may, within fourteen (14) days, file and serve on all parties objections to the *Report and Recommendation*, specifically designating this *Report and Recommendation*, and the part thereof in question, as well as the basis for objection thereto.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  Response to objections must be filed within fourteen (14) days after being served with a copy thereof.  Fed. R. Civ. P. 72(b).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to *de novo* review by the District Judge and of the right to appeal the decision of the District Court adopting the *Report and Recommendation.* *See Thomas v. Arn*, 474 U.S. 140 (1985); *Smith v. Detroit Fed'n of Teachers, Local 231 etc.*, 829 F.2d 1370 (6th Cir. 1987); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

                                                ___s/  Norah McCann King
                                                Norah McCann King
                                                United States Magistrate Judge

March 27, 2013